[No. 27555. Department One. May 9, 1939.]

THE STATE OF WASHINGTON, *on the Relation of Spokane, Portland and Seattle Railway Company, Plaintiff,* v. CLIFF YELLE, *as State Auditor, Respondent.*[1]

*Carey, Hart, Spencer & McCulloch* and *Thos. L. O'Leary,* for relator.

*The Attorney General* and *W. A. Toner, Assistant,* for respondent.

MAIN, J.—This is an original application in this court for a writ of mandate requiring the state auditor to issue to the relator a warrant in payment of a judgment of the superior court of Thurston county in favor of the relator and against the state of Washington.

The relator owns and operates a railroad along the north bank of the Columbia river; also, along the same bank of the river is a state highway. The state, while

[1]Reported in 90 P. (2d) 263.

doing construction work upon this highway, cut through the toe of a mountain slope, with the result that a large amount of material slid over onto the roof of the railroad's tunnel, caused it to give way, and the result was a large amount of damages. Subsequently, an action was brought against the state, and, on July 8, 1938, a judgment was entered in favor of the relator, the railroad company, and against the state, in the sum of $131,392.08. No appeal was perfected from this judgment. After it became final, the relator caused a certified transcript thereof to be filed with the state auditor and requested a warrant in payment. This request was refused because of the lack of a specific legislative appropriation for the payment of the judgment.

Section 16 of Art. I of the constitution of this state provides that no property shall be taken or damaged for public or private use without just compensation having been first made or paid into court for the owner. In this case, the state had acquired no right, by eminent domain or otherwise, to damage the railroad property. Even though no specific appropriation was made for the payment of the judgment, it was the duty of the state auditor to issue a warrant for the amount of the judgment and the interest thereon, payable out of any unappropriated public funds in the state treasury. *State ex rel. Peel v. Clausen,* 94 Wash. 166, 162 Pac. 1; *State ex rel. Decker v. Yelle,* 191 Wash. 397, 71 P. (2d) 379.

When the matter was heard in this court, it was suggested by the assistant attorney general that the warrant be drawn payable, first, out of the motor vehicle fund, and that, if there was not sufficient money in that fund, it then be payable out of any unappropriated funds in the state treasury. Upon this question no issue was made, and we are not inclined to rule

upon it.    The warrant in this case should be drawn as were the warrants in the two cases above cited.

The writ will issue.

BLAKE, C. J., BEALS, MILLARD, and JEFFERS, JJ., concur.